IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.                                   CIVIL NO. 07-910 JC/LFG
                                       CRIM. NO. 05-2120 JC

TERRY BENNETT WILLIAMSON,

        Defendant-Movant.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed September 13, 2007. Movant Terry Bennett Williamson ("Williamson") attacks the judgment and sentence entered by the United States District Court for the District of New Mexico in United States v. Williamson, No. CR 05-2120 JC.

2. Williamson pled guilty to Counts I and III of an indictment charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a) and (b). He was sentenced to a term of 188 months on each count, the sentences to run concurrently. Judgment was entered on September 7, 2006 [Doc. 44 in CR 05-2120].[2]

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] Further references to documents included in the case filed United States v. Williamson, CR 05-2120, will be in the format "CR Doc. ___." References to documents filed in this civil action on

3. Williamson appealed his conviction to the United States Court of Appeals for the Tenth Circuit. On February 23, 2007, the Tenth Circuit dismissed his appeal on grounds that Williamson waived his right to appeal in the plea agreement, and the waiver was knowing and voluntary. [CR Doc. 49].

4. Williamson then filed this § 2255 Motion to Vacate, raising issues of alleged ineffective assistance of counsel and violations of the Speedy Trial Act, among others. Williamson's claims will be grouped as follows:

I. Claims involving violation of the Speedy Trial Act ("STA"):

    A. The STA was violated, in that:

        i. Excess time elapsed between arrest and indictment.
        ii. Excess time elapsed between initial appearance and the time plea was entered.
        iii. Continuances were allowed, but they violated the STA because the judge failed to make "on the record" findings, as required by the Act.

    B. The District Court "lost jurisdiction" by its violations of the STA.

    C. Defense counsel was ineffective for failing to inform Williamson of the STA violations, for failing to object to the violations and move for dismissal, and for failing to move for dismissal on grounds the District Court lost jurisdiction.

II. Claims involving the sentence:

    A. The District Court failed to address and resolve all of the defense objections to information in the Presentence Report ("PSR"). The Court thus relied on misinformation for sentencing purposes, and Williamson must be re-sentenced.

    B. Trial counsel was ineffective for failing to object to sentencing enhancements that were based on misinformation in the PSR.

---

Williamson's Motion to Vacate, *i.e.*, Civ. 07-910, will be referred to simply as "Doc. __."

5.  The United States filed a Response [Doc. 7] to the Motion to Vacate, arguing that all of Williamson's claims "fail individually and collectively," and asking the Court to deny the Motion.

Speedy Trial Act Claim One:
Excess Time Between Arrest and Indictment

6.  Williamson argues that his STA rights were violated, because 86 days elapsed  between his arrest on June 23, 2005 and the date he was indicted, September 22, 2005, whereas the STA sets a limit of 30 days between arrest and indictment.  The factual background of this claim is as follows.

7.   A criminal complaint charging Williamson with possession with intent to distribute methamphetamine was filed on June 23, 2005.  [CR Doc. 1].  An arrest warrant was issued, also on June 23, 2005, and Williamson was arrested and made his initial appearance before a United States Magistrate Judge on that same date.  [CR Docs. 4,7].  Attorney Howard Anderson was appointed to represent Williamson.  [CR Docs. 2, 3].

8.  At a detention hearing on June 29, 2005, Williamson appeared with counsel.  After being advised of his constitutional rights, he waived his right to a preliminary hearing and his right to grand jury presentment.  [CR Doc. 4].  In the waiver document filed on June 29, 2005 and signed by both Williamson and his attorney, Williamson stated his understanding of his right to have his case presented to a grand jury within 30 days of his arrest, pursuant to 18 U.S.C. § 3161(b).  [CR Doc. 6].  In the waiver document, Williamson stated further:

> I hereby request a continuance of grand jury presentment for an additional period not to exceed seventy-five (75) days from the date of  my arrest for a total of one hundred-five (105) days.  By that I mean that there are to be a seventy-five (75) day period of excludable time for the purposes of determining compliance with the speedy indictment provision of 18 U.S.C. Section 3161(b). I further request that an order be entered providing that this time period shall be excluded from speedy indictment time computation . . . .

3

[CR Doc. 6, at 1-2]. Counsel for Williamson signed the document, noting that he reviewed it with his client and determined that Williamson understood the document and, further, counsel believed the waiver was in Williamson's best interests. [CR Doc. 6, at 2].

9. An order as requested was included at the end of the waiver document and was signed by United States Magistrate Judge Lourdes Martinez. Judge Martinez noted in her order that she reviewed the waiver document with Williamson in open court. She granted Williamson's request and ordered that "a period of time not to exceed seventy-five (75) days is hereby excluded from the computation of a speedy indictment [18 U.S.C. § 3161(b)] pursuant to 18 U.S.C. Section 3161(h)(8)(A)." [CR Doc. 6, at 2].

10. An indictment was filed on September 22, 2005, charging Williamson with two counts of Possession with Intent to Distribute Methamphetamine, and one count of Felon in Possession of a Firearm. [CR Doc. 6, at 2].

11. Under these facts, that there was no STA violation based on the time elapsed between arrest and indictment. Williamson was arrested on June 23, 2005 and was indicted on September 22, 2005. The STA provides that "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ." 18 U.S.C. § 3161(b). However, Williamson explicitly waived the 30-day time limit in a document signed by himself and his attorney, in which he asked the Court to toll the speedy indictment computation. Judge Martinez found that the ends of justice were served by granting Williamson's request to toll the speedy indictment computation.

12. In her ruling, Judge Martinez referred explicitly to the STA at 18 U.S.C. § 3161(h)(8)(A), which provides that the following periods of delay shall be excluded in computing the time within

4

which an indictment or information must be filed:

> Any period of delay resulting from a continuance granted by any judge
> . . . at the request of the defendant or his counsel . . . , if the judge
> granted such continuance on the basis of his findings that the ends of
> justice served by taking such action outweigh the best interest of the
> public and the defendant in a speedy trial. No such period of delay
> resulting from a continuance granted by the court in accordance with
> this paragraph shall be excludable under this subsection unless the
> court sets forth, in the record of the case, either orally or in writing,
> its reasons for finding that the ends of justice served by the granting
> of such continuance outweigh the best interests of the public and the
> defendant in a speedy trial.

13.  Williamson does not allege that he did not understand the waiver that he signed on June

29, 2005. His attorney asserted that he reviewed the waiver document with Williamson. In her order

granting the exclusion, Judge Martinez stated that she reviewed the document with Williamson in

open court, and she set forth the specific findings required by the statute. [CR Doc. 6]. The waiver

was knowing and voluntary. It gave the Government 105 days from the date of Williamson's arrest

within which to file an indictment, and the indictment filed on September 22, 2005 was within this

time limit.

14.  There was no STA violation in this case with respect to time elapsed between arrest and

indictment.

Speedy Trial Act Claim Two:
Excess Time Between Initial Appearance and
Time Plea was Entered

15.  Williamson argues next that his STA rights were violated in that 146 days elapsed between

his "first appearance" on September 28, 2005 and the date he entered his plea of guilty on February

21, 2006.

16.  As noted above, the indictment was issued on September 22, 2005. Williamson appeared,

5

with counsel, for arraignment before Judge Martinez on September 28, 2005. He entered a plea of not guilty to all counts of the indictment. [CR Doc. 9]. Trial was set for November 22, 2005. [CR Doc. 13].

17. The STA provides that in any case in which the defendant pleads not guilty, trial shall commence within 70 days from the filing of the indictment, or from the date the defendant appears before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). For purposes of determining whether a defendant was deprived of his statutory right to a speedy trial, the period commences from the date the defendant first appears in court to respond to the charges in the indictment. United States v. Kalady, 941 F.2d 1090 (10th Cir. 1991). In Williamson's case, that would be September 28, 2005.

18. The 70-day period, however, may be extended by resort to the exclusions listed in 18 U.S.C. § 3161(h). United States v. Kalady, *supra*, at 1094. Section 3161(h)(1)(F) provides for tolling during any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

19. On October 18, 2005, 26 days after the indictment was filed, Williamson's attorney filed two motions on his behalf: a Motion for Severance [CR Doc. 11], and a Motion to Suppress Evidence [CR Doc. 12]. By the time Williamson changed his plea to guilty, on February 21, 2006 [CR Doc. 28], neither of these motions had been resolved, due to several motions by Williamson for continuance of the trial setting and continuance of the suppression hearing, as well as one motion by the Government for continuance. Thus, the speedy trial clock was tolled on October 18, 2005 and had not re-started at the time Williamson pled guilty. His plea of guilty was therefore entered well within the 70-day period.

20. In addition, although dismissal of an indictment is the proper sanction for violations of the STA, Williamson, by pleading guilty, waived the right to seek dismissal on speedy trial grounds. 18 U.S.C. § 3162(a)(2).

21. The Court finds no STA violation based on the time elapsed between Williamson's first appearance in court on the indictment and the date of his guilty plea.

Speedy Trial Act Claim Three:
The Continuances in This Case Failed to Include
"On the Record" Findings, as Required in the Act

22. Williamson next contends that the Court did not follow the directive of the STA which requires the Court, when granting continuances, to "se[t] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."   18 U.S.C. § 3161(h)(8)(A).

23. Williamson is simply incorrect in asserting that the Court did not make the requisite findings. In granting Williamson's request for a 75-day continuance of the grand jury presentment, Judge Martinez made the finding that:

> the ends of justice served by allowing the request to toll the speedy indictment computation outweigh the interest of the defendant and the public in a speedy indictment.  The Court expressly finds that the public's interest in a speedy indictment is outweighed by (1) the public's interest in a reasonably expeditious resolution of the case; (2) the public's interest in relieving the burden that would be placed on judicial, prosecutorial, defense and law enforcement resources if the case proceeded to a preliminary examination or a speedy indictment; (3) the potential benefit conferred on the defendant in an expedited resolution of the case.

[CR Doc. 6, at 2].

7

24. In addition, in granting Williamson's motion to vacate the original November 22, 2005 trial setting, United States District Judge Bruce D. Black found that "the ends of justice served by granting the motion for a continuance outweigh the best interest of the public and the defendants in a speedy trial." [CR Doc. 17]. And in granting Williamson's motion for a continuance of the suppression hearing and for continuance of the trial setting,[3] Judge Black found that "the ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial. The Court finds that failure to grant the requested continuance would unreasonably deny Defendant the opportunity to prepare his defenses and consider appropriate motions." [CR Doc. 25].

25. Williamson has not shown that the Court neglected to make the requisite findings.

### Claim that the Court "Lost Jurisdiction"
### Because of Violations of the Speedy Trial Act

26. Williamson claims that the District Court lost jurisdiction because of the three alleged violations of the STA, and that "[o]nce jurisdiction is lost, any further orders are void and uninforceable [sic]." [Doc. 1, at 7].

27. Having found no violations of the STA in Williamson's case, the Court rejects Williamson's argument that such violations deprived the Court of jurisdiction over his criminal case.

### Claims of Ineffective Assistance of Counsel
### Related to the Alleged STA Violations

28. Williamson asserts that trial counsel was ineffective in failing to inform him of the STA violations which he claims occurred in this case, in failing to object to those alleged STA violations,

---

[3]This duplicate motion to continue the November 22, 2005 trial setting was filed after a change of counsel.

and in failing to challenge the jurisdiction of the Court for its actions in committing or permitting STA violations.[4]

29.  To establish ineffective assistance of counsel, Williamson must make a two-pronged showing:  (1) that counsel's performance was constitutionally defective; and (2) that the deficient performance prejudiced the defense in that counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984).

30.  To prove deficient performance, Williamson must overcome the presumption that counsel's conduct was constitutionally effective.  Duvall v. Reynolds, 139 F.3d 768, 777 (10th Cir. 1998).  Scrutiny of counsel's performance must be highly deferential and must avoid the distorting effects of hindsight.  Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995).  In order to be found constitutionally ineffective, trial counsel's performance must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.  Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997).

31.  To prove that counsel's performance was prejudicial to his defense, Williamson must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, supra, 466 U.S. at 694.  The court may address the performance and prejudice components in any order and need not address both if Petitioner fails to make the requisite showing for one of the elements.  Id., at 697.

32.  As discussed above, there were no STA violations in Williamson's case, and the Court

---

[4]Williamson's allegations of ineffective assistance of counsel, not related to alleged STA violations, will be addressed below in a later section of these Findings.

did not "lose jurisdiction" due to violations which did not occur. Therefore, trial counsel was not ineffective in failing to object to STA violations and in failing to challenge the Court's jurisdiction. It does not constitute ineffective assistance to fail to make a futile argument, or to pursue meritless theories. United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995); United States v. Kramer, 168 F.3d 1196, 1202 (10th Cir. 1999).

    33. The claims of ineffective assistance with respect to STA violations are rejected.

Claim that the Trial Court Failed to Address and
Resolve Defense Objections to the Presentence Report, and
That Counsel was Ineffective for Failing to Challenge Court's Actions

    34. Williamson next asserts that, although the defense twice made objections to information included in his Presentence Report ("PSR"), the Court failed to address and resolve all of the objections in violation of the Federal Rules of Criminal Procedure, and the Court's resulting reliance on misinformation requires that his sentence be set aside and that he be re-sentenced. Williamson further argues that his trial counsel was ineffective for failing to object to the Court's use of this misinformation, with the result that his sentence was much longer than it should have been.

    35. Williamson cites Fed. R. Crim. P. 32 as the source of the Court's duty to resolve objections to a PSR. Rule 32(i)(3)(A) provides that the Court "may accept any undisputed portion of the presentence report as a finding of fact," and subsection (B) of the Rule requires that the Court "must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . . ."

    36. Williamson does not point to the specific objections which he says were overlooked and unresolved. The Court finds the following objections on the record:

10

37.   On June 23, 2006, Williamson's attorney filed Objections and Comments to the Presentence Report [CR Doc. 36].  In the Objections, counsel contended that Williamson's "career offender" designation should be deleted, because the two prior convictions cited by Probation in making the designation were "related cases" in that they were "part of a single common scheme and plan." [Id., at 1].  Counsel argued that, "The above makes sense because an addict's drug cases are probably related if they are not separated by a sentence for the first offense because the addiction to meth is the common scheme or plan and such a scheme or plan can only logically be broken by a period of incarceration and/or drug treatment." [Id., at 1-2].

38.  The United States filed a Response [CR Doc. 38] to the Williamson's Objections, noting that the two prior convictions did not fall within the definition of "related cases" as set forth in the Sentencing Guidelines, because he Williamson arrested for the first offense prior to committing the second offense.

39.  Williamson then filed a document titled "Restated Objections and Comments to the Presentence Report [CR Doc. 39], on  July 13, 2006.  With minor changes, this document offered the same arguments set forth in the first set of Objections.

40.  Sentencing was scheduled for August 22, 2006.  On August 18, 2006, Williamson filed a second "Restated Objections and Comments to PSR," which also included a "Request for a Downward Variance from the Indicated Guideline Range Pursuant to *Booker*" [CR Doc. 41].[5]   In this document, counsel again re-stated the contention that the two prior convictions are "related" because they are part of a common scheme or plan – *i.e.*, meth addiction – and thus Williamson should not be considered a career criminal.

---

[5]The Booker argument was later withdrawn.

11

41.  The sentencing hearing was conducted on August 22, 2006 before Senior United States Judge John Edwards Conway.  At the hearing, Williamson's attorney told the Court that he had reviewed the PSR with Williamson.  He specifically addressed the objections that were raised in the three written documents described above.  Counsel argued that Williamson should not be designated a career criminal, because the two prior convictions were part of the same continuing scheme and plan.  In response to these arguments Judge Conway ruled, "Well, I'm sorry.  I can't agree with you. I find he is a career criminal."  [Transcript of Sentencing Hearing in CR 05-2120, at 2-3].   In pronouncing sentence, Judge Conway further stated that he had reviewed the PSR's factual findings. [Id., at 4].

42.  The Court finds that Judge Conway fully complied with the dictates of Rule 32.  He was required to rule on any disputed portion of the PSR or any other controverted matter, and he did so. Williamson was not claiming there were any factual inaccuracies in the PSR; rather, the objection was based on a legal interpretation of the meaning of "related"cases.  At the sentencing hearing, Judge Conway permitted counsel to state the defense position that the phrase should be interpreted in a particular way, and he explicitly rejected that interpretation.  While Judge Conway did not go into any details as to the reasoning behind the ruling, he was not required to state his reasoning but only to consider and make a ruling on defendant's contentions.

43.  There was no error in the Court's handling of objections to the PSR, and counsel was not ineffective in failing to protest that handling.

44.  In light of the conclusions herein, no evidentiary hearing is necessary on Williamson's Motion to Vacate.

12

## **Recommended Disposition**

That the Motion to Vacate be denied and the case be dismissed with prejudice.


Lorenzo F. Garcia
Chief United States Magistrate Judge